UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Embroidery Library, Inc.,

    Plaintiff/Counterdefendant,

v.                                                       Civil No. 09-2766 (JNE/AJB)
                                                      ORDER

Sublime Stitching, LLC, and
Jenny Hart,

    Defendants/Counterclaimants.

---

Richard T. Ostlund, Esq., Mary L. Knoblauch, Esq., and Courtland C. Merrill, Esq., Anthony Ostlund Baer & Louwagie P.A., appeared on brief for Plaintiff Embroidery Library, Inc.

Karl E. Robinson, Esq., Hellmuth & Johnson, PLLC, appeared on brief for Defendants Sublime Stitching, LLC, and Jenny Hart.

---

This case is before the Court on the motion of Embroidery Library, Inc., to dismiss certain of Sublime Stitching, LLC, and Jenny Hart's counterclaims. For the reasons set forth below, the Court grants in part the motion and grants Sublime Stitching and Jenny Hart (collectively, Defendants) leave to amend their Counterclaim.

**I.    BACKGROUND**

Embroidery Library is a Minnesota corporation that sells embroidery designs over the Internet. In May 2008, Embroidery Library began selling contemporary embroidery designs over the Internet through its Urban Threads website. Hart is the sole member of Sublime Stitching, a Texas limited liability company that sells embroidery designs over the Internet.

Embroidery Library filed suit against Defendants in state court asserting claims for defamation/libel per se, tortious interference with business relations, unfair competition, and violation of the Minnesota Deceptive Trade Practices Act (MDTPA), Minn. Stat. § 325D.44

1

(2008). After removing on the basis of diversity jurisdiction, Defendants answered and asserted counterclaims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332 (2006); unfair competition and false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1051-1141n (2006); common law unfair competition; violation of the MDTPA; and tortious interference with business relations.

With respect to their non-copyright counterclaims, Defendants allege that Embroidery Library, through statements made by one of its employees on its Urban Threads website, misrepresented Urban Threads as "an independent design ('indie') company that is not affiliated with any other company, including [Embroidery Library]." Defendants also allege that certain statements misrepresent Urban Threads as the "first and/or only one in the field of contemporary, alternative embroidery patterns."

Instead of answering the Counterclaim, Embroidery Library filed a motion to dismiss. Specifically, Embroidery Library seeks dismissal of the non-copyright counterclaims and portions of the copyright counterclaim.

## II. DISCUSSION

The parties agree that Defendants' averments of misrepresentation are analyzed under Rule 9(b) of the Federal Rules of Civil Procedure, which requires particularity in pleading. To satisfy Rule 9(b), the pleading "must specifically allege the 'circumstances constituting fraud,' including 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (citation omitted). Rule 9(b) must be interpreted "in harmony with the principles of notice pleading." *Id.*

2

Under the notice pleading standard set forth in Rule 8, a complaint need not contain "detailed factual allegations," but more is required than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1949-50.

**A.     Copyright claim**

Embroidery Library contends that Defendants cannot recover statutory damages and attorney fees for six of the seven asserted copyrights. The Copyright Act provides that "[n]o award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2).

In April 2009, Sublime Stitching filed a lawsuit in the Western District of Texas alleging that Embroidery Library infringed the same copyrights Defendants assert here.[1] Consequently, the date the alleged infringement of those copyrights began is no later than April 2009. The copyright registrations attached to Defendants' Counterclaim indicate that six of the seven copyrights were registered in May 2009, after the alleged infringement began and more than

---

[1] Sublime Stitching did not serve the summons and complaint on Embroidery Library, and dismissed the Texas lawsuit without prejudice on August 27, 2009.

three months after the dates of first publication of the works.[2]  Accordingly, § 412(2) precludes Defendants from recovering statutory damages or attorney fees for the alleged infringement of those six copyrights.[3]  The Court dismisses Defendants' counterclaim for copyright infringement insofar as it seeks statutory damages and attorney fees for infringement of those six copyrights.

**B.      Lanham Act claims**

Defendants assert counterclaims under section 43(a) of the Lanham Act, which provides in relevant part:

> (1)     Any person who, *on or in connection with any goods or services*, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's *goods, services, or commercial activities,* shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1) (2006) (emphases added).

---

[2]     The six works are "Spaced Out," "Monkey Love," "Darling Dachshunds," "Vital Organs," "Sexy Librarians and Secretaries," and "Winterland" embroidery pattern sheets.  Their registrations indicate that they were first published in February 2003, April 2005, February 2003, July 2008, July 2008, and November 2005, respectively.

[3]     Defendants do not dispute the dates of first publication, registration, or infringement of these six works, instead contending that Embroidery Library's motion is premature because damages are determined at the end of an action.  Defendants cite no authority indicating that dismissal based on § 412(2) is improper on a motion to dismiss, and courts have granted Rule 12(b)(6) motions under such circumstances.  *See, e.g.*, *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (gathering cases).

Embroidery Library argues that statements about Urban Threads' corporate status are not "in connection with" goods or services as required by § 1125(a)(1). This argument conflates the "in connection with" requirement of § 1125(a)(1) with the "goods, services, or commercial activities" requirement of § 1125(a)(1)(B), and reads the "commercial activities" language out of § 1125(a)(1)(B). *See Windsor on the River Assoc., Ltd. v. Balcor Real Estate Fin., Inc.*, 7 F.3d 127, 130 (8th Cir. 1993) ("Accordingly, 'we must avoid statutory interpretation that renders any section superfluous and does not give effect to all of the words used by Congress.'" (quoting *In re Oxborrow*, 913 F.2d 751, 754 (9th Cir. 1990))). Moreover, several of the cases Embroidery Library cites to support this argument are unpersuasive because they involve an earlier version of the Lanham Act which required the false representation to be affixed to the defendant's goods and did not prohibit misrepresentation of another's "commercial activities." *See Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1268, 1271-72 (10th Cir. 2000) ("However, the [1988 Amendments to the Lanham Act] also overruled aspects of existing law, most significantly by covering trade libel or product disparagement (i.e., misrepresentations about the plaintiff's goods and services) and by permitting actions based on misrepresentations about commercial activities as well as goods and services."). The other cited cases were not decided based on the "in connection with" requirement or are neither binding authority nor persuasive. The Court concludes that under a plain reading of § 1125(a)(1), the alleged statements, which were made on the Urban Threads website for selling embroidery patterns, were "in connection with" goods, namely, embroidery patterns.

Embroidery Library also maintains that the alleged misrepresentations do not relate to Urban Threads' "commercial activities" within the meaning of § 1125(a)(1)(B). Defendants respond that Urban Threads' affiliation with Embroidery Library constitutes a "commercial

5

activity" and, despite their assertion of Lanham Act counterclaims only under § 1125(a)(1)(B), contend that the alleged misrepresentations state a claim under § 1125(a)(1)(A) (prohibiting statements likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of a person with another person). In addition, Defendants seek leave to amend their Counterclaim.

The Court questions whether Urban Threads' affiliation with Embroidery Library constitutes a "commercial activity" within the meaning of the Lanham Act. *See Interfood Holding, B.V. v. Rice*, 607 F. Supp. 2d 1059, 1061-63 (E.D. Mo. 2009) ("Allegedly false statements such as these, about the founding of, officers of, and control of various corporate entities, are not the sorts of statements about goods, services, or even commercial activities which are within the scope of the Lanham Act's prohibition."). However, the Court declines to decide this issue at this time because, for the reasons stated below, the Court grants Defendants leave to amend their Counterclaim.

Embroidery Library filed its Complaint and Motion to Dismiss Counterclaims before December 1, 2009, which is the effective date of the 2009 amendments to the Federal Rules of Civil Procedure. The 2009 amendments shall "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Under the unique facts and circumstances of this case, the Court concludes that amendment of Defendants' Counterclaim is governed by the previous Rule 15, which permitted amendment of a pleading once as a matter of course before the party is served with a responsive pleading. *See* Fed. R. Civ. P. 15 cmt. to 2009 amendments ("Former Rule 15(a) addressed amendment of a pleading to which a responsive pleading is required by distinguishing between the means used to challenge the pleading. . . . Serving a motion attacking the pleading did not terminate the right to amend, because a motion is

not a 'pleading' as defined in Rule 7."). Since Embroidery Library filed a motion to dismiss rather than a responsive pleading, Defendants may amend their Counterclaim once as a matter of course.[4] *See id.* The Scheduling Order in this matter sets a deadline for amendment of the pleadings of February 1, 2010. Consequently, Defendants shall file and serve an Amended Counterclaim on or before February 1, 2010. Should Defendants fail to do so, the Court will consider the remainder of Embroidery Library's motion after that date.[5]

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Embroidery Library's Motion to Dismiss Counterclaims [Docket No. 5] is GRANTED insofar as it seeks dismissal of Defendants' counterclaim for statutory damages and attorney fees for infringement of Sublime Stitching's copyright in its "Spaced Out," "Monkey Love," "Darling Dachshunds," "Vital Organs," "Sexy Librarians and Secretaries," and "Winterland" embroidery pattern sheets.

2. Defendants shall file and serve an Amended Counterclaim on or before February 1, 2010.

Dated: January 20, 2010

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge

---

[4] Under the 2009 amendments, if the pleading is one to which a responsive pleading is required, Rule 15 permits amendment of the pleading once as a matter of course "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

[5] Embroidery Library also contends that dismissal of the Lanham Act counterclaims is warranted because they contain nothing more than conclusory allegations and the alleged statements are puffery. In addition, Embroidery Library maintains that dismissal of the Lanham Act counterclaims requires dismissal of the other non-copyright counterclaims. In light of the Court's decision to grant Defendants leave to amend their Counterclaim, the Court does not reach these arguments.